Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
Meredyth A. Kippes
for the United States Trustee
meredyth.kippes@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.   25-80121-mvl-11 |
| | § | |
| **HIGHER GROUND EDUCATION, INC.,** | § | (Jointly Administered) |
| et al., | § | |
| | § | Chapter 11 |
| *Debtors-in-Possession.* | § | |

## UNITED STATES TRUSTEE'S OBJECTION TO (I) FINAL APPROVAL OF SECOND AMENDED DISCLOSURE STATEMENT FOR SECOND AMENDED JOINT PLAN OF REORGANIZATION OF HIGHER GROUND EDUCATION, INC., ITS AFFILIATED DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND (II) CONFIRMATION OF SECOND AMENDED JOINT PLAN OF REORGANIZATION OF HIGHER GROUND EDUCATION, INC., ITS AFFILIATED DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

(related to Docket Nos. 549 and 551)

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "U.S. Trustee"), submits this Objection (the "Objection") to (i) final approval of Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Higher Ground Education, Inc., its Affiliated Debtors, and the Official Committee of Unsecured Creditors (the "**Amended Disclosure Statement,**" Docket No. 551) and (ii) Second Amended Joint Plan of Reorganization of Higher Ground Education, Inc., its Affiliated Debtors, and the Official Committee of Unsecured Creditors (the "**Amended Plan,**" Docket No. 549) and would respectfully show as follows:

**Summary**

The United States Trustee adopts and incorporates by reference the arguments made in the United States Trustee's Objection to ((A) Debtors' Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement (II) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation and Notice Procedures; and (V) Granting Related Relief and (B) Conditional Approval of the Disclosure Statement for the Joint Plan of Higher Ground Education, Inc., and its Affiliated Debtors (the "Disclosure Statement Objection," Docket No. 390). Although the Debtors have, by the Amended Plan, addressed some of the concerns and objections raised by the United States Trustee, the Third-Party Release contained in the Amended Plan is still nonconsensual because the opt-out mechanism is not sufficient to convey knowing and voluntary consent. Additionally, the scope of the Third-Party Release is too broad and the injunction provision is unsupported by evidence and inappropriate.

**Factual Background**

1. On June 26, 2025, the Debtors filed their original plan. On June 27, 2025, the Debtors filed the original disclosure statement and a solicitation motion.

2. After the filing of the Disclosure Statement Objection, the Debtors and the Official Committee of Unsecured Creditors (the "UCC") filed the Amended Plan, which, among other things, excludes several of the Debtors' officers and directors from the release and injunction provisions set forth in the Amended Plan.

3. The Amended Plan still imposes the Third-Party Release upon all Consenting Creditors, which is defined as "(a) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not check the box on the applicable form to affirmatively opt out of

the releases contained in Article 10.3; and (b) all Holders of Claims or Interests that abstain from voting on the Plan, vote to reject the Plan, or are deemed to reject the Plan and who do not (i) check the box on the applicable form to affirmatively opt out of the releases contained in Article 10.3 or (ii) object to the Plan in respect of the releases." *See* Amended Plan, Section 1.1.38.

4. The definition of Released Parties in the Amended Plan is still quite broad and include current and former affiliates of Released Parties and their Related Parties, which include, "directors, managers, officers, members of any Governing Body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, successors, assigns (whether by operation of Law or otherwise), direct or indirect parent entities and/or subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, fiduciaries, employees, agents (including any disbursing agent), financial advisors, attorneys, accountants, consultants, investment bankers, representatives, and other professionals," none of whom are identified by name. *See* Amended Plan, Sections 1.1.119 and 1.1.120.

5. Further, the definition of Releasing Party has not been clarified as to whether students, former students, parents of students or former students, and/or legal guardians of students or former students are proposed to be Releasing Parties and for what claims the Debtors seek to have students, parents of students, and/or legal guardians of students grant the Third Party Release. Further, the injunction provision in the Amended Plan is unsupported and inappropriate under the facts of this case.

6. The Disclosure Statement Objection objected to the plan because it contained no language preserving governmental entities claim. The Debtors and the United States Trustee have

since agreed to include language in the Plan or form of confirmation order regarding preservation of governmental entities' claims. Such language will be presented to the Court at the confirmation hearing.

7. Finally, due to the lapse in funding that has recently ended, the Debtors and the Official Committee of Unsecured Creditors granted the United States Trustee an extension of time to file this objection to November 19, 2025. This Objection is being filed before November 19, 2025.

## Argument and Authority

### Third Party Release Opt-Out

8. The Amended Plan must be fair to all creditors and comply with the Bankruptcy Code and applicable law. Although the Amended Plan corrects some of the flaws of the original plan and the original disclosure statement, the Amended Plan is still flawed and unconfirmable because it imposes ***non-consensual*** third-party releases in violation of the express ruling of the Supreme Court in *Harrington v. Purdue Pharma L.P.,* 144 S. Ct. 2071, 2082-88 (2024).[1]

9. The Plan purports to force the Third-Party Release[2] on creditors and non-voting equity unless they timely execute an opt-out, even if they do not or cannot vote on the Plan.

10. Consistent with the U.S. Trustee's position documented in the Disclosure Statement Objection, the U.S. Trustee opposes the use of the opt-out mechanism in the Plan because it does not satisfy the requirements to establish actual consent as defined under applicable state law. Absent

---

[1] The U.S. Trustee files this objection to further preserve her appellate rights. The Office of the U.S Trustee has appealed a confirmation order, which used "opt outs," in *The Container Store Group, Inc.* (Case No. 24-90627). That appeal is before the United States District Court for the Southern District of Texas in Case No. 25-00618.

[2] For the purposes of this Objection, the term "Third-Party Release" means the release set forth in Article VIII section B of the Amended Plan

voluntary and knowing consent, the Amended Plan's Third-Party Release is improper and renders the Amended Plan unconfirmable. *Harrington v. Purdue Pharma L.P.,* 144 S. Ct. 2071, 2082-88 (2024).

11. The United States Trustee hereby renews her objection to the use of the opt-out procedures to bind creditors and non-voting equity because such procedures render the Amended Plan unconfirmable and adopts and incorporates, by reference, the arguments made in the Disclosure Statement Objection.

**Scope of the Third Party Release**

12. The identity of the Related Parties covered by the Third Party Release is so broad as to make the universe of released parties unknowable.

13. The Court addressed the breadth of a definition of "Related Parties" at the confirmation hearing in *In re CareMax, Inc.*, Case No. 24-80093-MVL-11 ("*CareMax*").

14. The definition of Related Party in the *CareMax* second amended plan (*CareMax* Docket No. 580) provided as follows:

> "*Related Party*" means, with respect to any Person or Entity, each of, and in each case in its capacity as such, current and former directors, managers, officers, Committee members, members of any Governing Body, equity holders (regardless of whether such Interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors of any such Person or Entity, in each case solely in their capacities as such, and any such Person's or Entity's respective heirs, executors, estates, and nominees.

15. This Court found that this definition was "entirely too broad," but permitted the Debtors the opportunity to take "one more crack as some language, either to do [the] least damage to the otherwise-defined terms in your plan, or if you want to work the actual parties that you think

are related parties and deserve a release in there." *See* Transcript of Proceedings, p. 94, ln. 9-19, January 28, 2025.

16. The *CareMax* debtor modified the term "Related Party" as follows in its third amended plan (*CareMax* Docket No. 586):

> "*Related Party*" means, with respect to any (and in each case solely in their capacity as such to each person or entity) (a) each Debtor, Post-Effective Date Debtor, and each Transferred Entity, as applicable; (b) each Consenting Term Loan Lender; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition Term Loan Lenders and the Prepetition Agent; (f) the ACO Purchaser; (g) the Core Centers Purchaser; (h) the Stalking Horse Purchaser; or (i) the Committee (and its members), current and former directors, managers, officers, members of any Governing Body, affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, fund advisors or managers, employees, agents, financial advisors, attorneys, accountants, investment bankers, and representatives.

17. The definition of Related Parties in the Amended Plan is nearly identical to the language in the *CareMax* second amended plan:

> 1.1.119 "Related Parties" means, with respect to any Entity, in each case in its capacity as such with respect to such Entity, (a) such Entity's current and former Affiliates and (b) such Entity's and such Entity's current and former Affiliates' directors, managers, officers, members of any Governing Body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, successors, assigns (whether by operation of Law or otherwise), direct or indirect parent entities and/or subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, fiduciaries, employees, agents (including any disbursing agent), financial advisors, attorneys, accountants, consultants, investment bankers, representatives, and other professionals.

18. The defined term, "Entity," in the Amended Plan "means an entity as such term is defined in section 101(15) of the Bankruptcy Code." Section 101(15) of the Bankruptcy Code defines "entity" as including "person, estate, trust, governmental unit, and United States trustee."

19. Like in *CareMax*, the definition of Related Parties in the Amended Plan is too broad and should similarly be tailored.

20. Further, as set forth above, the definition of Releasing Parties should clarify whether students, former students, parents of students or former students, and/or legal guardians of students or former students are proposed to be Releasing Parties and for what claims the Debtors seek to have students, parents of students, and/or legal guardians of students grant the Third Party Release.

**Injunction**

21. As discussed in detail in the Disclosure Statement Objection, even if the third-party release was consensual, that would not mean that the court has authority to impose an injunction because an injunction is different from a consensual non-debtor release. An injunction, by contrast, relies on the court's power to enter orders binding on parties. Here, jurisdiction and authority have not been demonstrated. Even if jurisdiction and authority are demonstrated, the proponent of an injunction "''must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'") (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)); *id*. (noting that an injunction is an "extraordinary remedy").

**Conclusion**

22. Accordingly, for the foregoing reasons, the Court should deny confirmation of the Amended Plan.

WHEREFORE, the United States Trustee respectfully request this (i) deny confirmation of the Amended Plan and (ii) grant such other and further relief as it may deem just and proper.

DATED: November 18, 2025                    Respectfully submitted,

                                            LISA L. LAMBERT
                                            UNITED STATES TRUSTEE

                                            */s/ Meredyth A. Kippes*
                                            Meredyth A. Kippes
                                            Trial Attorney
                                            Texas State Bar No. 24008772
                                            Office of the United States Trustee
                                            1100 Commerce Street, Room 976
                                            Dallas, Texas  75242
                                            (214) 767-1079
                                            meredyth.kippes@usdoj.gov

**Certificate of Service**

  The undersigned counsel certifies that copies of the foregoing document were served on November 18, 2025 via ECF to those parties requesting service via ECF in this case and to the parties listed below via email.

                    */s/ Meredyth A. Kippes*
                    Meredyth A. Kippes

Holland N. O'Neil
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
honeil@foley.com

Timothy C. Mohan
FOLEY & LARDNER LLP
1144 15th Street, Suite 2200
Denver, CO 80202
tmohan@foley.com

Nora J. McGuffey
Quynh-Nhu Truong
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
nora.mcguffey@foley.com
qtruong@foley.com

Jason S. Brookner
Aaron M. Kaufman
Amber M. Carson
Emily F. Shanks
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
jbrookner@grayreed.com
akaufman@grayreed.com
acarson@grayreed.com
eshanks@grayreed.com